**LAMBERT CONSTRUCTION COMPANY, Plaintiff-Appellant,**

v.

**SOCONY MOBIL OIL COMPANY, Inc., Defendant-Appellee.**

**No. 100, Docket 26345.**

United States Court of Appeals Second Circuit.

Argued Dec. 7, 1960.

Decided March 21, 1961.

Monti & Calhoun, Barre, Vt., (Edwin Free, Barre, Vt., of counsel), for plaintiff-appellant.

Black, Plante & Ellison, White River Junction, Vt. (Everett Schultheis, Albany, N. Y., on the brief), for defendant-appellee.

Before CLARK, WATERMAN and FRIENDLY, Circuit Judges.

WATERMAN, Circuit Judge.

Plaintiff contracted to purchase 105,000 gallons of asphalt binder from defendant to be used by plaintiff on a highway construction job for the State of Vermont. The contract of sale provided that the asphalt binder meet "Vermont State Specifications." Delivery was timely effected. On June 29, 1957 freight car number UTLX 61610 containing the asphalt involved in this litigation arrived at the construction site. A sample had been taken from this car on June 27 at the time the car was loaded at East Providence, R. I. This sample, submitted to the Vermont state laboratory for test, was tested on June 29 and rejected as not being homogenous in that it contained air bubbles and showed foaming characteristics. Thereafter, on July 3, the car having been heated at the job site, another sample, taken to the laboratory by one of the defendant's employees, was found to be acceptable. The plaintiff then proceeded to "seal coat" 5700 feet of the new highway with the asphalt binder from car 61610. This bonding was completed by July 11, 1957. Almost immediately thereafter it was apparent that the job was not satisfactory for the pea stones that had been placed on the road bed and upon which the asphalt binder was spread were raveling and scattering off the road. Finally, on August 26, 1957, the State in writing formally rejected this 5700 feet of road construction.

Some eight months later, on April 18, 1958, plaintiff, a Vermont corporation, commenced suit on the contract in the United States District Court for Vermont. Defendant is a New York corporation and jurisdiction existed by virtue of diversity of citizenship. Plaintiff alleged that the damages it suffered from its failure to satisfy the State of Vermont were caused by defective asphalt binder. It sought redress on two theories of relief: First, that the defendants had breached the contract of sale in that the asphalt did not meet Vermont State Specifications; and second, that the defendants had breached a warranty of fitness for a specific purpose, a warranty plaintiff alleged existed. At the close of plaintiff's case the defendant introduced no evidence and moved for a directed verdict. The motion was denied. The district judge then submitted the case to the jury by presenting only the plaintiff's first claim for relief, thus limiting the jury deliberations to the one issue of whether the asphalt met Vermont specifications. He instructed the jurors that they were required to bring in a verdict for the defendant if they found that these specifications were met. From a verdict for the defendant, plaintiff appeals.

Plaintiff's attack on the verdict below is predicated upon two allegations of error at trial. The first is directed to the refusal by the trial judge to submit to the jury the question of whether there had been a breach of warranty. Plaintiff states that the parties had a long history of prior dealings, and that the defendant was well aware of the use to which plaintiff would put the asphalt. Moreover, plaintiff claims it relied upon defendant's superior skill and judgment. Therefore, plaintiff maintains that this question of whether there was a breach by defendant of an implied warranty for a specific purpose should not have been taken away from the jury.

The second allegation of error finds fault with the admission, over plaintiff's objection, of the evidence of the July 3 test at the state laboratory by which the asphalt was found to have met state specifications. Although this sample was actually tested and a record of the test was made in the ordinary course of the laboratory's business, the plaintiff argues that this evidence should have been excluded, for, contrary to a claimed usual practice, this particular sample was not transported to the state laboratory by a state official but was taken there by an employee of the defendant.

We find it unnecessary to reach the merits of either of plaintiff's allegations of error. Clause 6 of the contract provided in part that the "Buyer agrees in consideration of Seller's execution of this contract that any claim of any kind by Buyer based on or arising out of this contract or otherwise shall be barred unless asserted by Buyer by the commencement of an action within 6 months after the delivery of the products or other event, action or inaction to which such claim relates."

In its answer to plaintiff's complaint the defendant pleaded as one of its defenses this contractual limitation upon the time within which plaintiff could commence its action for damages. At trial, at the close of plaintiff's case, defendant, relying upon this provision of the contract, moved for a directed verdict, which motion was denied. In our view it should have been granted, and hence no error can be assigned on the ultimate verdict and judgment for the defendant.

The law of Vermont, consistent with that of the majority of the states, gives effect to a reasonable contractual provision limiting the period within which an action may be brought on the contract even though statutory periods of limitation may be thereby shortened. Oakdale Farms, Inc. v. Rutland R. R. Co., 1932, 104 Vt. 279, 158 A. 678. See Springfield Cooperative Freeze Locker Plant v. Wiggins, 1949, 115 Vt. 445, 63 A.2d 182. See also the collected United States citations in the Annotation at 121 A.L.R. 758 (1939). In this class of contract we do not consider a contractual

provision unreasonable that limits the period within which suit may be commenced to six months from the time the operative events causing the alleged damage occurred. Therefore, plaintiff's suit, brought more than eight months after plaintiff's loss, was contractually barred.

The judgment for the defendant below is affirmed.