[No. 15797–3–I.   Division One.   October 20, 1986.]

THE SOUTHCENTER VIEW CONDOMINIUM OWNERS' ASSOCIA-
TION, ET AL, *Appellants,* v. CONDOMINIUM
BUILDERS, INC., ET AL, *Respondents.*

*Roger A. Myklebust, Gregory C. Simon, Jodi Hoffman, Emily Vrieze Glueck,* and *Roberts & Shefelman,* for appellants.

*Terry E. Thomson, Michael B. King,* and *Diamond & Sylvester,* for respondents.

BRACHTENBACH, J.*—This action involves a suit by The Southcenter View Condominium Owners' Association and numerous individual owners of condominium units. Defendants are the owner–developers, builder and selling agent.

Plaintiffs claim damages from negligent design, selection of materials and construction. Plaintiffs also allege breach of express and implied warranties, misrepresentations and violation of the Consumer Protection Act, RCW 19.86.

Defendants moved for partial summary judgment as to the claims based on negligence and breach of warranties. The motion was granted. We affirm.

The development consists of 66 units, most sold in early 1979; the last sale closed in April 1980. Prices ranged from $26,000 to $47,000.

After selecting a unit the buyer would be furnished an 8–page proposed purchase agreement. When it was returned by the buyer, prior to signature by the seller, the buyer was asked to initial each page. Prior to closing the buyer was provided with copies of a warranty agreement and the condominium declaration (a 9–page document). Further the buyer was required to sign a receipt acknowledging receipt, acceptance and approval of the warranty agreement and condominium declaration.

---

*This appeal was heard by a Supreme Court Justice, a Superior Court Judge, and a retired Superior Court Judge sitting as Judges Pro Tempore of the Court of Appeals in Division One.

In the sale agreement a paragraph is entitled: "*Warranties and Guarantees—Limitation of Actions.*" The paragraph includes this language:

Seller agrees to warrant the premises against defects in workmanship and/or materials for a period of one (1) year from the date of receipt of a certificate of occupancy or the date of occupancy of said Unit, whichever event shall first occur, . . .

Supplemental Clerk's Papers, at 9. The seller then disclaims all other warranties, express or implied. The paragraph then concludes:

Purchaser acknowledges that no action may be commenced or maintained by Purchaser as to any claim, known or unknown, based upon negligence or warranty, express or implied, against Seller more than one year after the date of issuance of the condominium's Certificate of Occupancy as to the common and limited common areas or the date of closing and recording of the deed to Purchaser's unit, whichever event shall first occur.

Supplemental Clerk's Papers, at 10.

In the warranty agreement, purchaser is required to notify seller within 1 year of any defects or omissions relative to workmanship or materials as to the unit itself. Seller agrees to make reasonable and necessary repairs without costs to purchaser, unless the defect is excluded from the warranty. A similar provision exists as to common areas. Again, there is a disclaimer of any other warranties.

Another paragraph states:

Purchaser acknowledges and agrees as follows:

. . .

(d) That no action may be commenced or maintained by Purchaser as to any claim, known or unknown, based upon negligence or warranty, express or implied, against Seller more than one (1) year after the date of issuance of the Condominium's certificate of occupancy as to the Common and Limited Common Areas or the date of closing and recording of the deed to Purchaser's Unit as to individual apartment units; . . .

Supplemental Clerk's Papers, at 18.

The condominium declaration contains an index including a heading

23.2 Warranties and Guarantees; Limitation of Actions. No action may be commenced or maintained by any apartment owner, person, firm, entity, corporation, or the Association of Condominium Owners on any claim, known or unknown, based upon negligence or warranty, express or implied, against Declarant more than one year after the date of filing of this Declaration and the Plans and Survey whichever shall first occur, as to the common and limited common areas of the condominium or the dates severally of closing of the initial purchase of individual apartment units which date shall as to the individual apartment units for all purposes be the date of recording of the deeds or contracts to any such units.

Supplemental Clerk's Papers, at 47.

In sum, the documents imposed upon the seller a warranty against defects in workmanship and materials for a period of 1 year. That warranty was in lieu of all other warranties, express or implied. No action based upon negligence or warranty may be commenced more than 1 year after a specified date, *i.e.,* the issuance of a certificate of occupancy or closing, whichever occurred first.

This action was not commenced until almost 3 years after the last sale and approximately 4 years after most of the sales. We hold that the contracted limitation of 1 year in which to commence an action is valid and bars this action. That limitation appears at least six times in the various documents. Thus, it is unnecessary to discuss the validity of the warranty disclaimers.

■ First we note that plaintiffs rely in their briefs upon alleged "facts" regarding an engineering report on the cost of certain repairs, the nondiscovery of latent defects, and the time (several years) when defects became apparent to plaintiffs. There are no citations to the record and we have discovered no proof of those matters after reading all affidavits before the trial court. This being a review of a summary judgment, we are limited to the record before the trial court—no more, no less. *American Universal Ins. Co. v.*

*Ranson,* 59 Wn.2d 811, 816, 370 P.2d 867 (1962).

Plaintiffs also turn to the Uniform Commercial Code for support. The code is not applicable to sales of real estate. RCW 62A.2-102. We decline to apply its provisions by analogy.

Plaintiffs cite no Washington authority invalidating a limitation on the time within which notice of defect must be given or suit brought. They rely, by analogy, upon cases such as *Berg v. Stromme,* 79 Wn.2d 184, 484 P.2d 380 (1971) and *Testo v. Russ Dunmire Oldsmobile, Inc.,* 16 Wn. App. 39, 554 P.2d 349, 83 A.L.R.3d 680 (1976). Those cases are distinguishable as they involved total exclusion of warranties, not time limitations for giving notice of defects or bringing suit. The difference between the restrictions on warranties and remedies was recognized in *Schroeder v. Fageol Motors, Inc.,* 86 Wn.2d 256, 259, 544 P.2d 20 (1975).

It is true that *Schroeder* recognized that both types of clauses can be invalidated upon being declared unconscionable under RCW 62A.2-302, but that provision is not applicable to these transactions.

Plaintiffs contend that the limitations in question were not conspicuous, were not negotiated and did not set forth with particularity the remedies excluded. Plaintiffs describe both exclusions as "disclaimers deceptively foisted upon naive and unsuspecting home buyers." We disagree.

As noted in *Schroeder* consideration must be given to all the circumstances surrounding the transaction, including the manner in which the contract was entered, whether each party had a reasonable opportunity to understand the terms and whether the important terms were hidden in a maze of fine print. While *Schroeder* is a Uniform Commercial Code case and not directly applicable here, it is as strong an authority as plaintiffs can muster.

This is not a "fine print" case. It is not a case of total exclusion of warranties or remedies. Rather this case turns upon the validity of a contract term shortening the time to notify of defects or bring suit.

A leading case is *Capehart v. Heady,* 206 Cal. App.

2d 386, 388, 23 Cal. Rptr. 851, 6 A.L.R.3d 1190 (1962). A clause in a lease provided that

> any claim or defense of any kind by Lessee based upon or arising in connection with this lease or otherwise shall be barred unless asserted by Lessee by the commencement of an action or the interposition of a defense within three (3) months after any inaction or in the occurrence of any action to which claim or defense relates.

(Italics omitted.) In upholding the clause, the court held (1) a provision shortening a statute of limitations can be validly contracted if the period is not in itself unreasonable or is not so unreasonable as to show imposition or undue advantage. (2) It is a question of law whether the period in itself is unreasonable. The court then cited cases validating periods as short as 3 months and statutes as short as 1 month. (3) The determination of reasonableness is to be made as of the date of entering into the contract. (4) The fact that the contractual limitation operates upon the claims of only one party does not make the limitation unreasonable. (5) The fact that the agreement was drafted by the lessor and presented on a "take it or leave it" basis is not material in judging its validity.

In *Independent Consol. Sch. Dist. 24 v. Carlstrom,* 277 Minn. 117, 151 N.W.2d 784 (1967), the court upheld the validity of a construction contract provision which limited damages arising from faulty materials or workmanship to those which appeared within 1 year from substantial completion of the contract.

A requirement that suit be brought within 120 days after final payment on a public works project was approved in *Practical Constr. Co. v. Granite City Housing Auth.,* 416 F.2d 540 (7th Cir. 1969).

Applying Washington law, the court in *Wilhelmy v. Northwest Airlines,* 86 F. Supp. 565 (W.D. Wash. 1949) upheld a 30–day notice of claim requirement even though the passenger's ticket did not mention the limitation, but merely referred to the tariff regulations which contained the notice requirement. The court relied upon *Jones*

*v. Northwest Airlines, Inc.*, 22 Wn.2d 863, 157 P.2d 728 (1945).

Validating a 10–month suit limitation is *Hartford Accident & Indem. Co. v. Heftler Constr. Co.*, 325 F.2d 107, 108 (7th Cir. 1963). That court said: "It is a well settled principle of law that parties to a contract may stipulate the time in which proceedings must be commenced in order to enforce claims arising from that contract."

*Lambert Constr. Co. v. Socony Mobil Oil Co.*, 288 F.2d 30, 31 (2d Cir. 1961), applying Vermont law, in upholding a 6–month limitation, noted: "The law of Vermont, consistent with that of the majority of the states, gives effect to a reasonable contractual provision limiting the period within which an action may be brought on the contract even though statutory periods of limitation may be thereby shortened."

In *Driscoll v. Board of Educ.*, 98 N.Y.S.2d 610, 612 (Sup. Ct. 1950) the court stated: "There is no question that parties to a contract may establish a shorter period of limitation of time within which to commence an action and such a provision is recognized and enforced by the courts." *See* Annot., *Validity of Contractual Time Period, Shorter Than Statute of Limitations, for Bringing an Action*, 6 A.L.R.3d 1197 (1966) and 51 Am. Jur. 2d *Limitation of Actions* §§ 64, 65 (1970).

Affirmed.

COLE and THOMAS, JJ. Pro Tem., concur.

Review denied by Supreme Court March 3, 1987.