[No. 53635-4-I. Division One. January 24, 2005.]

GRAOCH ASSOCIATES #5 LIMITED PARTNERSHIP, *Plaintiff*, v. TITAN CONSTRUCTION CORPORATION, *Appellant*, MIKE PURCELL ET AL., *Respondents*.

---

858

*Kimberly A. Reppart* (of *Fallon & McKinley*), for appellant.

*Devon P. Groves*; *John P. Hayes* (of *Forsberg & Umlauf, P.S.*); and *Gordon C. Klug* (of *Law Office of Sharon J. Bitcon*), for respondents.

¶1 PER CURIAM — Titan Construction (Titan), the general contractor for an apartment complex construction project, contends the trial court erred in dismissing its breach of contract claims against Purcell Construction, the siding installation subcontractor for the apartment project. Titan claims the one-year warranty in its contract with Purcell does not prevent an independent breach of contract claim based on the terms of the contract between Titan and Graoch Associates #5 Limited Partnership (Graoch), the project owner, which were incorporated by reference in the contract between Titan and Purcell. We conclude the warranty provision in the subcontract does not bar Titan's breach of contract claim against Purcell and reverse.

## FACTS

¶2 In 1993, Graoch hired Titan, a general contractor, to build the Peak at Somerset Apartment Complex, Phase II (the project). The construction contract between Graoch and Titan used a standard form agreement and defined the scope of the work and a guaranteed maximum price.[1] The contract also included several conditions, including that Titan warrant "that all Work will be of good quality, free from faults and defects and in conformance with the Contract Documents."[2]

¶3 Titan contracted with several subcontractors to perform work on the Graoch project. Titan and Purcell entered into a contract to install vinyl siding on the apartment buildings and guardrails on the deck in November 1993. The contract between Titan and Purcell required Purcell to provide a one-year warranty on "materials, equipment, parts, installation, and workmanship," prior to Purcell's receiving final payment, and incorporated by reference the contract between Graoch and Titan.[3] On July 28, 1994, Purcell provided the warranty in a letter to Titan. The warranty provides that Purcell will remedy any defects in its work "appearing" within one year of substantial completion, and Purcell will pay for any damage to other work resulting from those defects or the correction of the defects.[4]

¶4 Purcell installed the vinyl siding and deck railings for the project and the certificate of substantial completion was issued on October 25, 1994.

¶5 In January 2000, Graoch filed a lawsuit against Titan for defective construction. In May 2000, Titan notified the subcontractors, including Purcell, of Graoch's claims. In

---

[1] The standard form used was American Institute of Architects Document A111-1987, the "Standard Form of Agreement Between Owner and Contractor where the basis of payment is the COST OF THE WORK PLUS A FEE with or without a Guaranteed Maximum Price." Clerk's Papers (CP) at 141.

[2] CP at 178.

[3] CP at 99.

[4] CP at 104.

December 2000, Titan filed third party complaints against several subcontractors, including Purcell. Titan sought indemnification from the subcontractors for breach of contract, negligent performance of work, and equitable subrogation or indemnity. In April 2001, Titan and Graoch agreed to a settlement of Graoch's claims for $1 million.

¶6 In June 2001, the subcontractors filed motions for summary judgment seeking dismissal of Titan's claims. The subcontractors argued Titan's breach of contract claims were barred by the statute of limitations and Titan's indemnity claims were barred by the statute of repose. Titan argued it had valid indemnity claims but did not advance any arguments regarding its breach of contract claims. The trial court granted the motions for summary judgment and dismissed all of Titan's claims.

¶7 On appeal, this court affirmed dismissal of Titan's indemnity claims as barred by the statute of repose but reversed dismissal of the breach of contract claims. *Graoch Assocs. #5 Ltd. P'ship v. Purcell,* noted at 115 Wn. App. 1021, 2003 WL 257282, 2003 Wash. App. LEXIS 569. In *Graoch Associates #5 Ltd. Partnership* we decided that under *Architechtonics Construction Management, Inc. v. Khorram,* 111 Wn. App. 725, 45 P.3d 1142 (2002), *review denied,* 148 Wn.2d 1005 (2003), the discovery rule applied to Titan's breach of contract claims and therefore the claims were not barred as a matter of law by the six-year statute of limitations for breach of contract claims.

¶8 On remand, Purcell filed a motion for summary judgment arguing that its one-year limited warranty extinguished Titan's breach of contract claim and Titan could not establish how Purcell's work was defective. The trial court concluded that although there was a genuine issue of material fact regarding whether Purcell's work was defective, as a matter of law, the warranty barred Titan's breach

of contract claim. Titan appeals the trial court's decision to dismiss Titan's lawsuit against Purcell.[5]

## ANALYSIS

¶9 Titan argues the trial court erred in dismissing its breach of contract claim as a matter of law on summary judgment because the repair warranty in its contract with Purcell was not an exclusive remedy that barred its breach of contract claims against Purcell.

¶10 When reviewing a decision to grant summary judgment, this court engages in the same inquiry as the trial court. *Reynolds v. Hicks*, 134 Wn.2d 491, 495, 951 P.2d 761 (1998). Summary judgment is properly granted when the pleadings and affidavits show there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. CR 56(c). We review questions of law de novo. *Mountain Park Homeowners Ass'n v. Tydings*, 125 Wn.2d 337, 341, 883 P.2d 1383 (1994).

■■ ¶11 A court's purpose in interpreting a contract is to ascertain the parties' intent. *U.S. Life Credit Life Ins. Co. v. Williams*, 129 Wn.2d 565, 569, 919 P.2d 594 (1996). "Absent disputed facts, the legal effect of a contract is a question of law to be reviewed de novo." *Litho Color, Inc. v. Pac. Employers Ins. Co.*, 98 Wn. App. 286, 295, 991 P.2d 638 (1999).

■ ¶12 The contract between Titan and Purcell incorporated the terms of the contract between Titan and Graoch by reference.[6] Purcell does not assert that its contract with Titan was invalid or that it was not bound by the terms of

---

[5] The order was amended to establish under CR 54(b) that there is no just cause for delay and that the order granting Purcell's motion for summary judgment is appealable as a matter of right.

[6] Under the subcontract, Purcell agreed "[t]o be bound by the terms of said main contract with OWNER," and to "assume toward the Contractor all the obligations and responsibilities which the Contractor assumed toward the owner." CP at 97-98. Purcell concedes that the subcontract incorporated by reference the contract between Graoch and Titan.

the contract between Titan and Graoch. The contract between Titan and Graoch provides:

4.5 WARRANTY

The Contractor warrants to the Owner that all materials and equipment furnished under this Contract will be new unless otherwise specified, and that all Work will be of good quality, free from faults and defects and in conformance with the Contract Documents. All Work not conforming to these requirements, including substitutions not properly approved and authorized, may be considered defective. . . . This warranty is not limited by the provisions of Paragraph 13.2.[7]

Paragraph 13.2 addresses "Correction of Work."[8] It requires Titan to repair any defective work Graoch finds to be defective within one year after the date of substantial completion. Paragraph 13.2.7 specifically provides:

Nothing contained in this Paragraph 13.2 shall be construed to establish a period of limitation with respect to any other obligation which the Contractor might have under the Contract Documents, including Paragraph 4.5 hereof. The establishment of the time period of one year after the Date of Substantial Completion or such longer period of time as may be prescribed by law or by the terms of any warranty required by the Contract Documents relates only to the specific obligation of the Contractor to correct the Work, and has no relationship to the time within which his obligation to comply with the Contract Documents may be sought to be enforced, nor to the time within which proceedings may be commenced to establish the Contractor's liability with respect to his obligations other than specifically to correct the Work.[9]

¶13 The contract between Titan and Purcell also includes a one-year warranty. The warranty provides:

We, *Purcell Construction*, the undersigned, do hereby warranty, for a period of one (1) year from the date of substantial completion, all work performed under the terms of the contract

---

[7] CP at 178.

[8] CP at 189.

[9] CP at 190.

documents. We will remedy, at our expense, any defects appearing during that period due to poor materials and/or workmanship; and will pay for any damage to other work resulting from the occurrence of said defects or correction of same.

Subcontractor work or furnished materials subject to this one year guarantee as stated above are as follows:

Vinyl Siding—Labor and Materials

Wood Railings—Labor Only

This warranty shall not be interpreted as holding *Purcell Construction* responsible for any deterioration of work due to normal usage and wear, nor abusive care or handling.[10]

¶14 Titan contends that the warranty in the Purcell subcontract does not establish an exclusive remedy for improper workmanship and that under *Panorama Village Homeowners Ass'n v. Golden Rule Roofing, Inc.*, 102 Wn. App. 422, 10 P.3d 417 (2000), its claim is for breach of the construction contract. Titan relies on *Panorama* to argue that this court has recognized the difference between a repair warranty and contractual obligation. In *Panorama*, a homeowners association sued a roofing construction contractor who defectively installed roofs on four of the homeowners association's buildings. The contractor argued the association's repair costs to replace the roofs could not be recovered because the contractor did not breach its repair warranties. This court concluded:

> Panorama did not . . . seek recovery for breach of the repair warranties, but sued for breach of contract. Following its discovery of material defects in the roofs, Panorama properly sought damages for breach of the construction contracts instead of demanding performance under the warranties.

*Panorama*, 102 Wn. App. at 430.

¶15 Purcell attempts to distinguish *Panorama* on the grounds that while the warranty at issue in *Panorama* only required the contractor to repair the defective work, here, the warranty in the subcontract provides both that Purcell will correct defective work appearing within one year and

[10] CP at 104.

that Purcell will pay for any damage to other work caused by defects or correction of defects. But the availability of an additional remedy in the warranty to compensate Titan for damage to other work does not affect Titan's separate claim under *Panorama* for breach of the contractual requirement that Purcell's own work will be of good quality and free from defects.

¶16 Purcell relies on *Griffith v. Centex Real Estate Co.*, 93 Wn. App. 202, 969 P.2d 486 (1998), and *Southcenter View Condominium Owners' Ass'n v. Condominium Builders, Inc.*, 47 Wn. App. 767, 736 P.2d 1075 (1986), to argue that the warranty in Purcell's subcontract limited the remedy for improper workmanship or materials to one year after completion of the project. Purcell's reliance on these cases is misplaced.

¶17 In *Griffith*, house purchasers brought a class action suit against the builder-vendor who built and sold the houses. The real estate sale contracts included a one-year limited warranty, a disclaimer of any other warranties, and a waiver of all claims for repair except as covered by the one-year limited warranty. The purchasers alleged the builder breached express warranties when it refused to repair problems with the cedar siding it installed on the houses. The court held that the purchasers' claim for repair of damage that occurred within three years of purchase were subject to the one-year warranty limitation, the disclaimer of additional warranties and the waiver of other claims, and were barred under those provisions. *Griffith*, 93 Wn. App. at 211. Unlike the claims in *Griffith*, Titan's claim against Purcell is for breach of contract, not breach of warranty. In addition, the warranty in the subcontract between Titan and Purcell does not include a disclaimer of other warranties or a waiver of other claims.

¶18 In *Southcenter*, a homeowners association sued a builder and project owner for negligent design and construction of a condominium development. The sale contracts for the condominiums included a one-year warranty against defects in workmanship and materials and a one-

year suit limitation provision.[11] The court held that the one-year suit limitation provision was valid and the lawsuit, which was not commenced until almost three years after the date of the last sale, was barred by the suit limitation provision. *Southcenter*, 47 Wn. App. at 770. Here, the contract does not contain a suit limitation provision, and thus Titan's breach of contract claim is not barred under *Southcenter*.

¶19 Purcell also relies on *Noble v. Ogborn*, 43 Wn. App. 387, 717 P.2d 285 (1986), and *City of Kennewick v. Hanford Piping, Inc.*, 16 Wn. App. 660, 558 P.2d 276 (1977), to argue that a plaintiff can elect only from remedies expressly preserved in a contract. Neither case supports Purcell's argument. The court in *Noble* held that where a contract specifically preserves the right to sue for actual damages, a liquidated damages clause will not eliminate that right. *Noble*, 43 Wn. App. at 390.[12] The court in *Hanford Piping* relied on *Board of Regents v. Wilson*, 27 Ill. App. 3d 26, 326 N.E.2d 216 (1975), where the court stated, "It is a basic principle of contract law that parties by an express agreement may contract for an exclusive remedy that limits their rights, duties and obligations. The contract, however, must clearly indicate that the intent of the parties was to make the stipulated remedy exclusive." *Wilson*, 326 N.E.2d at 220 (citations omitted). The court in *Hanford Piping* held that where a contract stated that no contractual provision relieved a contractor of responsibility for faulty materials or workmanship, a one-year warranty was not an exclusive remedy for defects for which the contractor was otherwise liable.

---

[11] The suit limitation provision appeared "at least six times in the various documents." *Southcenter*, 47 Wn. App. at 770. One such provision states, "no action may be commenced or maintained by Purchaser as to any claim, known or unknown, based upon negligence or warranty, express or implied, against Seller more than one year after the date of issuance of the Condominium's certificate of occupancy . . . or the date of closing." *Southcenter*, 47 Wn. App. at 769.

[12] Moreover, the case *Noble* cites in support of this proposition, *Reiter v. Bailey*, 180 Wash. 230, 39 P.2d 370 (1934), held that a party to a contract retained all rights and remedies for breach of contract that were not explicitly excluded under the terms of the contract.

¶20 Here, the warranty does not state that it is the exclusive remedy for defective construction. And under the terms of the contract,

The establishment of the time period of one year after the Date of Substantial Completion . . . as may be prescribed by . . . *any warranty* required by the Contract Documents *relates only to the specific obligation of the Contractor to correct the Work, and has no relationship to the time within which his obligation to comply with the Contract Documents may be sought to be enforced*, nor to the time within which proceedings may be commenced to establish the Contractor's liability with respect to his obligations other than specifically to correct the Work.[13]

This provision explicitly states that any one-year warranty required by the contract documents relates only to the obligation to correct the work and not to the obligation to comply with the contractual requirement that all work be of "good quality, free from faults and defects and in conformance with the Contract Documents."[14] The provisions of the contract between Titan and Purcell must be construed together and each provision must be given effect. *Diamond "B" Constructors, Inc. v. Granite Falls Sch. Dist.*, 117 Wn. App. 157, 165, 70 P.3d 966 (2003). We conclude the one-year limited warranty does not bar Titan's claim against Purcell for breach of contract and the trial court erred in ruling as a matter of law that Purcell's warranty was the exclusive remedy for the breach of the contract claim.[15]

¶21 The general rules of contract interpretation Purcell recites in its brief do not persuade us otherwise. Purcell

---

[13] CP at 190 (emphasis added).

[14] CP at 178.

[15] Purcell argues there is undisputed evidence in the record that Purcell's owner interpreted the warranty as an exclusive remedy for construction defects. But even if he subjectively intended the one-year warranty to be an exclusive remedy, that does not affect our decision. Extrinsic evidence, such as the declaration of a party to a contract, may not be used (1) to establish a party's unilateral or subjective intent as to the meaning of a contract word or term; (2) to show an intention independent of the instrument; or (3) to vary, contradict, or modify the written word. *Hollis v. Garwall, Inc.*, 137 Wn.2d 683, 695-96, 974 P.2d 836 (1999). Purcell's subjective intent cannot be used to modify the terms of the written contract.

contends the contract terms must be construed against Titan, the specific warranty in the subcontract controls over the general workmanship warranty in the contract, and the later-added one-year warranty controls over terms included previously. *See, e.g., Lynott v. Nat'l Union Fire Ins. Co.,* 123 Wn.2d 678, 690, 871 P.2d 146 (1994) (ambiguities in a contract are construed against the drafter); *Waste Mgmt. of Seattle, Inc. v. Utils. & Transp. Comm'n,* 123 Wn.2d 621, 630, 869 P.2d 1034 (1994) (Where a contract provides a general and a specific term, the specific controls over the general.); *Higgins v. Stafford,* 123 Wn.2d 160, 165-66, 866 P.2d 31 (1994) (When two contracts conflict, the subsequently negotiated contract covering the same subject controls.). But none of these rules apply where there is no ambiguity or conflict, and no rule permits us to ignore the plain language of the contract. The warranty in the subcontract allowed Titan to call Purcell back to the worksite to correct any defective work appearing within one year of the date of substantial completion. The subcontract warranty does not explicitly eliminate Titan's contractual right to sue Purcell for breach of the warranty contained in the Titan-Graoch contract, and the terms of the Titan-Graoch contract expressly distinguish between the obligation to correct the work under a warranty and an obligation to perform the work in accordance with the terms of the contract.[16]

¶22 We reverse the trial court's decision to dismiss

---

[16] Purcell also argues that Titan's breach of contract claim is "conceptually flawed" because Titan has not cited any authority establishing that Purcell has the same liability to Titan as Titan has to Graoch and Titan's lawsuit is barred because the Court of Appeals dismissed Titan's indemnity claims. Resp. Br. at 27 n.5. But the subcontract explicitly provides that Purcell "shall assume towards [Titan] all the obligations and responsibilities which [Titan] assumed toward [Graoch]." CP at 98. Purcell cites no authority to support its contention that this provision fails to create a contractual duty. Arguments that are not supported by citation to legal authority will not be considered on appeal. RAP 10.3(a)(5); *see also Cowiche Canyon Conservancy v. Bosley,* 118 Wn.2d 801, 809, 828 P.2d 549 (1992).

Titan's breach of contract claim on summary judgment and remand for further proceedings consistent with this opinion.[17]

---

[17] Because we conclude Purcell's warranty was not the exclusive remedy for a breach of the express contractual requirement that all work be of good quality and free from defects, we need not reach Purcell's arguments that Titan failed to give timely notice of a claim under the warranty and that Titan has no claim for breach of implied warranty.