# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
# DIVISION ONE

SHEPLER CONSTRUCTION, INC.,

                Respondent,

                v.

GARY LEONARD and SUSAN KIRALY-LEONARD, and the marital community thereof,

                Appellants

PHH MORTGAGE SERVICES CORPORATION, a New Jersey corporation,

                Defendant.

No. 68227-0-I

ORDER GRANTING
MOTION TO PUBLISH

Gary Leonard and Susan Kiraly-Leonard, appellants, filed a motion to publish in part. Associated General Contractors of Washington and Paul R. Cressman Jr., who are nonparties, filed a motion to publish. We called for an answer and Shepler Construction Inc., respondent, filed a motion to extend time to file its answer. We grant that motion, and accept Shepler's answer. A panel of the court having reconsidered its prior determination not to publish the opinion, and finding that it is of precedential value and should be published; now, therefore it is hereby

ORDERED that the written opinion filed June 3, 2013, shall be published and printed in the Washington Appellate Reports.

DATED this _9th_ day of _July_, 2013.

_____
Judge

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

SHEPLER CONSTRUCTION, INC.,
      Respondent,

v.

GARY LEONARD and SUSAN KIRALY-
LEONARD, and the marital community
thereof,

      Appellants

PHH MORTGAGE SERVICES
CORPORATION, a New Jersey
corporation,

      Defendant.

No. 68227-0-I

DIVISION ONE

PUBLISHED OPINION

FILED: June 3, 2013

APPELWICK, J. — Shepler and the Leonards appear before this court on their third appeal in this case. In 2006, this court reversed a summary judgment order dismissing the Leonards' construction defect counterclaims. In 2009, we held that both parties waived arbitration, affirming the trial court's denial of the Leonards' motion to compel arbitration. We noted that the parties did not waive their underlying claims. Nevertheless, the trial court on remand barred the Leonards from asserting any counterclaim that should have been submitted to arbitration under the contract's dispute resolution provision. We reverse.

FACTS

In 2000, Gary Leonard and Susan Kiraly-Leonard contracted with Shepler Construction, Inc., to build a custom home on San Juan Island.[1] The fixed price contract contained a dispute resolution mechanism and a provision for Shepler to remedy nonconforming work before final payment. Shepler made an express warranty that work would be "substantially completed in a workmanlike manner." The contract did not contain any disclaimer of implied warranties or any provision limiting remedies.

In 2001, a dispute arose regarding Shepler's performance and the Leonards' payment. Shepler sent letters to the Leonards recommending that they initiate the dispute resolution process. The Leonards admit that they did not respond to the requests for dispute resolution of their claims.

After filing a mechanic's lien against the Leonards' property, Shepler filed suit to enforce the lien and obtain damages for breach of contract. The Leonards filed affirmative defenses and counterclaims, including a construction defect claim alleging that Shepler breached the contract by failing to complete construction in a workmanlike manner. The trial court granted Shepler's motion for summary judgment on the Leonards' construction defect counterclaim. After holding a trial on enforcement of the mechanic's lien, the court entered judgment and awarded attorney fees in Shepler's favor. The Leonards appealed the dismissal of their counterclaims on summary judgment. Leonard v. Shepler Constr., Inc., noted at 132 Wn. App. 1054, 2006 WL

---

[1] The underlying facts of this case are detailed at length in this court's two previous opinions. Shepler Constr., Inc. v. Leonard, noted at 153 Wn. App 1035, 2009 WL 5153672, at *1-2; Leonard v. Shepler Constr., Inc., noted at 132 Wn. App. 1054, 2006 WL 1217216, at *1-2. We repeat only those facts necessary to this opinion.

1217216, at *2. In 2006, we reversed and remanded for trial, holding that a genuine issue of material fact existed as to whether Shepler breached its contractual obligation to perform in a workmanlike manner. Id. at *3.

In 2008, Shepler again filed for summary judgment, arguing that the Leonards' counterclaims should be dismissed, because they breached the contract by failing to seek arbitration. The trial court initially denied the motion. Upon Shepler's motion for reconsideration, the trial court granted summary judgment on March 31, 2008. The court ordered:

> The Leonards are barred from bringing any claim before this court that should have been determined by submittal to binding arbitration under the contract[']s dispute resolution provision. All causes of actions or counterclaims relating to Shepler Construction's performance under the parties agreement, and specifically those asserting that Shepler Construction's work was not performed in accordance with the contract between the parties, applicable building codes, and in good and workmanlike manner, are therefore dismissed.

The Leonards did not directly appeal the grant of summary judgment.

On April 11, 2008, the Leonards filed a motion for reconsideration of the summary judgment order or, alternatively, to compel arbitration. The court denied the motion for reconsideration, finding that it was not timely. But, the court determined that the Leonards' right to bring a timely motion to compel arbitration at a later date was preserved. On May 21, 2008, the Leonards filed a motion to compel arbitration, which the court denied. The Leonards appealed from that denial. Shepler Constr., Inc. v. Leonard, noted at 153 Wn. App 1035, 2009 WL 5153672.

On appeal before this court, Shepler argued that the Leonards waived arbitration and were therefore estopped from invoking it. Id. at *2. We held that both parties

waived arbitration. Id. at *3. Neither party initiated notice of arbitration as provided by chapter 7.04A RCW. Id. Neither party asserted a right to arbitration in their answers to the pleadings of the other party. Id. Both parties conducted discovery and engaged in substantial litigation, including the prior appeal of the counterclaims. Id. Seven years passed and substantial case development occurred before the Leonards asserted the right to arbitrate. Id. Therefore, the trial court did not err in denying their motion to compel arbitration. Id.

The Leonards argued in the same appeal that the trial court erred in dismissing their counterclaims on summary judgment. Id. They did not directly appeal the March summary judgment order, but asked that we consider it under RAP 2.4(b). Id. We declined to do so. Id. But, we added in footnote one that "[t]he arbitration clause did not provide that it was the exclusive remedy for breach. As noted above, the parties waived the arbitration clause by litigating, not the underlying claims." Id. at *3 n.1.

The case was tried a second time on August 8-10, 2011. Citing footnote one of our 2009 opinion, the Leonards requested that evidence of construction defects be admitted at least for a recoupment or offset defense, or more broadly for the purpose of their underlying counterclaims. Id. The court recognized, "I want to make sure that I follow The Court of Appeal's mandate, and I'm having a difficult time considering that the footnote is a mandate." But, the court continued, "I believe that the mandate here is exactly as [Shepler's counsel] has indicated and that is to determine . . . the amount owed under the charge orders . . . but it's not to consider construction defects, and I will so rule."

Affirming the March 2008 summary judgment order, the trial court barred the Leonards' counterclaims for construction defects. In a November 9, 2011, decision letter, the court reiterated that the "Leonards' refusal to comply with the dispute resolution procedure set forth in the contract waived any claim of construction defect." (citing Absher Constr. co. v. Kent Sch. Dist. No. 415, 77 Wn. App. 137, 890 P.2d 1071 (1995)). The trial was limited to Shepler's claims for compensation and foreclosure, and the Leonards' counterclaims for incomplete work or offsets. The court entered judgment and awarded attorney fees and costs in Shepler's favor.

The Leonards appeal and argue that the trial court erred in dismissing their construction defect counterclaims.

## DISCUSSION

We review summary judgment orders de novo. Hadley v. Maxwell, 144 Wn.2d 306, 310-11, 27 P.3d 600 (2001). Summary judgment is proper only when there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. CR 56(c); Peterson v. Groves, 111 Wn. App. 306, 310, 44 P.3d 894 (2002). The legal effect of a contract is a question of law reviewed de novo. Litho Color, Inc. v. Pac. Emp'rs Ins. Co., 98 Wn. App. 286, 295, 991 P.2d 638 (1999).

I. Summary Judgment Dismissal of the Leonards' Counterclaims

We unambiguously held in 2009 that both Shepler and the Leonards waived arbitration by litigating. Shepler, 2009 WL 5153672, at *3. In the same opinion, we noted that "[t]he arbitration clause did not provide that it was the exclusive remedy for breach. As noted above, the parties waived the arbitration clause by litigating, not the underlying claims." Id. at *3 n.1. The trial court was persuaded that the Leonards'

breach of the agreement by failing to seek arbitration required dismissal of all their claims that should have been arbitrated, and was not affected by our determination that Shepler waived arbitration.[2] This was error.

The agreement between the Leonards and Shepler stated:

> If a dispute arises between owner and contractor as to the performance of contractor's obligations under this agreement, such disputes shall be resolved as follows:

> Each party shall employ a contractor of his or her choice to evaluate the work completed. The contractors then will select a third contractor to act as an impartial arbiter. This contractor shall, likewise, inspect the construction to determine if the work has been performed in accordance with this agreement, applicable building codes and in a good workmanlike manner as provided hereinabove. If two of the three contractors determine that the work is not in conformity with the provisions of this agreement, then they shall state in writing the work in need of repair or replacement and contractor shall undertake to perform same as soon as reasonably practical. Contractor shall be responsible for owner's fees and costs associated with this arbitration as well as the impartial contractor's fees and costs. If no remedial work is recommended by the contractors, then the owner shall pay for the costs of the arbitration. The owner shall forthwith pay the amounts due to the contractor as established by a majority of the arbiters.

The Leonards assert that, because the dispute resolution provision does not use the words "exclusive," "sole," or "only," it is not the only remedy for their counterclaims. Shepler contends that use of the word "shall" throughout the provision means it is mandatory and therefore the exclusive remedy for the Leonards' counterclaims. Failure

---

[2] The Leonards never directly appealed the March 2008 summary judgment order. Shepler, 2009 WL 5153672, at *2. Nor did they file a written motion to reconsider or vacate after our 2009 decision. However, both parties agreed at oral argument that we have discretion to review the summary judgment order, because it did not become final until the second trial in August 2011. RAP 2.4(a); Franz v. Lance, 119 Wn.2d 780, 781, 836 P.2d 832 (1992).

to arbitrate, Shepler argues, barred suit on the Leonards' claims and was not subject to waiver by Shepler.

Most contract terms will be viewed as mandatory in the sense that the parties agreed that they will be bound by them and expect that they will be enforced by the court. However, this does not mean that contract terms cannot be waived or modified. It is also well established that parties may contract for an exclusive remedy that limits their rights, duties, and obligations. Graoch Assocs. #5 Ltd. P'ship. v. Titan Constr. Corp., 126 Wn. App. 856, 865, 109 P.3d 830 (2005). But, the contract must clearly indicate the parties' intent to make the stipulated remedy exclusive. Id. at 865-66 (holding that one year warranty was not an exclusive remedy for defective construction where the contract did not so state); see also Torgerson v. One Lincoln Tower, LLC, 166 Wn.2d 510, 522, 210 P.3d 318 (2009) ("[P]rovisions limiting remedies in a consumer transaction must be explicitly negotiated between buyer and seller and be set forth with particularity.").

Shepler relies on Absher and Mike M. Johnson, Inc. v. Spokane County, 150 Wn.2d 375, 78 P.3d 161 (2003). This reliance is misplaced. Absher and Mike M. Johnson are distinguishable from the contract at issue here, because the contracts in those cases explicitly provided that failure to follow dispute resolution procedures constituted a waiver of those claims. Mike M. Johnson, 150 Wn.2d at 380; Absher, 77 Wn. App. at 139-40. In Absher, Kent School District awarded Absher a contract to build an elementary school. 77 Wn. App. at 139. Absher was required to give the district written notice of any claims within 14 days after the events giving rise to claims, enter into structured dispute resolution procedures, and mediate remaining disputes before

7

any lawsuit could be commenced. Id. The contract specified that failure to provide written notice constituted an absolute waiver of any claims arising from or caused by delay. Id. at 140. As a result, the court held that Absher waived its claims by failing to follow the dispute resolution procedures. Id. at 146.

Similarly, in Mike M. Johnson, the county awarded Mike M. Johnson Inc. (MMJ) bids to construct two sewer projects. 150 Wn.2d at 378. The two contracts required that MMJ give signed, written notice of protest of work. Id. at 379. The contracts stated that MMJ completely waived any claims for protested work by failing to follow this procedure. Id. at 380. If protest procedures failed to provide a satisfactory resolution, another provision required a mandatory formal claim procedure. Id. MMJ's failure to submit required information supporting its claims constituted a waiver of those claims. Id. The contract required full compliance with the claim procedures as "a contractual condition precedent to the Contractor's right to seek judicial relief." Id. When disputes arose, MMJ failed to follow both the protest and formal claim procedures before filing a complaint for additional compensation. Id. at 384. As a result, the Supreme Court affirmed that trial court's dismissal of MMJ's claims. Id. at 384, 393. In contrast, the contract here does not state that Leonards' failure to follow the dispute resolution procedures expressly waives their right to pursue those claims in court.

Even mandatory remedies are subject to waiver. See Mike M. Johnson, 150 Wn.2d at 389 (a party to a contract may waive a contract provision meant for its benefit). In Otis Housing, the Washington Supreme Court held that the defendants waived a mandatory arbitration clause when they failed to raise it as a defense in an unlawful detainer action, but subsequently attempted to invoke it in a later action. Otis

Housing Ass'n, Inc. v. Ha, 165 Wn.2d 582, 589, 201 P.3d 309 (2009). The arbitration clause read:

> In the event that a dispute should arise under this agreement, as a condition precedent to suit, the dispute shall be submitted to arbitration in the following manner: The party seeking arbitration shall submit to the other party a statement of the issue(s) to be arbitrated and shall designate such party's nominated arbitrator.

Otis Housing Ass'n, Inc. v. Ha, noted at 138 Wn. App. 1058, 2007 WL 1567675, at *1. This clause explicitly makes arbitration a condition precedent to suit. But, the contract nowhere precluded waiver or required waiver by the other party to be in writing. Though the facts differ, Otis Housing stands for the proposition that even where arbitration is a precondition to suit, arbitration may be waived by the conduct of the parties, absent language to the contrary. See 165 Wn.2d at 587; see also Detweiler v. J.C. Penney Cas. Ins. Co., 110 Wn.2d 99, 101, 111-12, 751 P.2d 282 (1988) (holding that insurer waived uninsured motorist endorsement requiring arbitration of liability and damages where it never demanded arbitration during four years of litigation). Moreover, Otis Housing recognized waiver of contract language even more restrictive than the language in the contract before us.

Absher and Mike M. Johnson are further distinguishable, because Kent School District and Spokane County never waived the contractors' compliance with the dispute resolution procedures. Mike M. Johnson, 150 Wn.2d at 391-92; Absher, 77 Wn. App. at 139-40. In Absher, the contract required any waiver of the claim procedures to be in writing. 77 Wn. App. at 139-40. Kent School District never signed a written waiver or evidenced any intent to waive the contract's mandatory claim procedures. Id. at 144. No requirement of written waiver appears in the contract at issue here. Likewise,

Spokane County never showed any intent to waive MMJ's compliance with the contractual claim procedures, so the Supreme Court found no question of material fact. Mike M. Johnson, 150 Wn.2d at 391-92. Because the school district and the county did not waive arbitration, they could use it as a defense to preclude Absher and MMJ's claims that should have been arbitrated.

In contrast, we have already plainly held as a matter of law that both parties here waived arbitration. Shepler, 2009 WL 5153672, at *3. As we explained then, Washington courts have long held that the contractual right to arbitration may be waived through a party's conduct if the right is not timely invoked. See, e.g., Ives v. Ramsden, 142 Wn. App. 369, 382-84, 174 P.3d 1231 (2008); Harting v. Barton, 101 Wn. App. 954, 962, 6 P.3d 91 (2000). The right to arbitrate is waived by conduct inconsistent with any other intention but to forego a known right. Verbeek Props., LLC v. GreenCo Envtl., Inc., 159 Wn. App. 82, 87, 246 P.3d 205 (2010). Simply put, a party waives a right to arbitrate if it elects to litigate instead of arbitrate. Otis Housing, 165 Wn.2d at 588. The Leonards filed their counterclaims in 2002. Shepler did not assert arbitration as a defense or move to dismiss the Leonards' arbitrable claims on that basis until 2008. Both parties waived the dispute resolution clause by conduct. Our decision became the law of the case, "effective and binding on the parties to the review and govern[ing] all subsequent proceedings in the action in any court." RAP 12.2; see also State v. Strauss, 119 Wn.2d 401, 412-13, 832 P.2d 78 (1992).

The trial court erred in dismissing the Leonards' counterclaims. Because we are reinstating the Leonards' counterclaims, we need not reach their alternative estoppel, laches, and affirmative defense arguments.

II.   Jury Demand and Transfer to a New Judge

The Leonards made a jury demand based on their counterclaim for damages, but the trial court struck the demand after dismissing their counterclaims. The Leonards request that we mandate a jury trial on remand, or at a minimum, mandate that the trial court revisit their jury demand. The Leonards also ask that we grant a new trial on all issues.

The parties dispute whether the action is primarily legal or equitable in nature, with Shepler's lien foreclosure claim being equitable and the Leonards' construction defect counterclaims being legal in nature. Where an action is neither purely legal nor purely equitable in nature, the trial court must determine whether it is primarily legal or equitable in nature. Auburn Mech., Inc. v. Lydig Constr., Inc., 89 Wn. App. 893, 898, 951 P.2d 311 (1998). In making this determination, the trial court has considerable discretion and should consider the seven factors described in Brown v. Safeway Stores, Inc., 94 Wn.2d 359, 368, 617 P.2d 704 (1980). Any doubt should be resolved in favor of a jury trial, in deference to the constitutional nature of the right. Auburn Mech., 89 Wn. App. at 898. On remand, the trail court should revisit the Leonards' jury demand to determine whether a jury trial is warranted based on the primary relief requested.

The Leonards also request that we transfer the case to a different judge on remand. They contend that the judge has already expressed erroneous views in the case. The cited statements do not compel us to replace the trial judge. We decline to do so.

III.    Attorney Fees

The contract has a prevailing party fee provision. The Leonards are the prevailing party in this appeal. We vacate the trial court's award of fees and costs to Shepler, pending the new trial. Any fees awardable to the Leonards for this appeal shall be determined if they are the ultimate prevailing party following trial.

We reverse and remand for further proceedings.

_Appelwick, J._

WE CONCUR:

_Leach, C.J._       _Dwyer, J._