FILED
7/29/2024
Court of Appeals
Division I
State of Washington

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| FAIRWEATHER MANAGEMENT CORP., d/b/a PREMIER PACKING, a Washington corporation,<br><br>    Appellant,<br><br>    v.<br><br>WASHINGTON STATE EMPLOYMENT SECURITY DEPARTMENT,<br><br>    Respondent. | No. 86067-4-I<br><br>DIVISION ONE<br><br>UNPUBLISHED OPINION |

MANN, J. — Fairweather Management Corp., d/b/a Premier Packing (Fairweather) appeals the trial court's order affirming the judgment entered by the Employment Security Department (ESD), assessing unemployment taxes at the delinquent rate for 2018. We affirm.

I

In the months before June 2017, Fairweather fell behind on its unemployment taxes owed to the ESD. Fairweather entered into a deferred payment contract with the ESD in order to avoid being assessed a delinquent rate. Fairweather was required under the contract to make a down payment, followed by monthly installment payments, until the delinquent taxes were paid in full. The contract stated that "[i]f the employer

fails to meet the obligations described below, [ESD] will recalculate the employer's tax rate, which will result in a delinquent tax rate assignment."

Fairweather failed to make the monthly installment payments. On January 31, 2019, ESD issued two notices to Fairweather informing it that it was being assessed a delinquent tax rate for both 2018 and 2019. ESD subsequently notified Fairweather that its deferred payment contract had been cancelled due to nonpayment. On February 28, 2019, ESD issued a written order and notice of assessment informing Fairweather that it owed $63,816.05 for taxes, penalties, and interest for the second, third, and fourth quarter of 2018.

Fairweather appealed ESD's assessment. The administrative law judge (ALJ) upheld ESD's order determining that ESD "properly assigned a delinquent tax rate for tax years 2018 and 2019 as a result of [Fairweather's] failure to comply with the terms of the Deferred Payment Contract." The ESD Commissioner affirmed the ALJ's decision and adopted all of the findings of fact and most conclusions of law.

Fairweather petitioned for review in the Whatcom County Superior Court under the Washington Administrative Procedure Act (APA), ch. 34.05 RCW. Fairweather asserted that the ESD erroneously interpreted and applied the law and as a result "had no authority to retroactively change and apply delinquent tax rates" for 2018 and 2019. The superior court affirmed the commissioner's decision.

Fairweather appeals.

II

Judicial review of a final ESD administrative decision is governed by the APA. RCW 34.05.570; Tapper v. Emp't Sec. Dep't, 122 Wn.2d 397, 402, 858 P.2d 494

-2-

(1993). This court sits in the same position as the superior court, applying the standards of the APA directly to the record before the agency. Tapper, 122 Wn.2d at 402. "This court reviews the commissioner's decision, not the decision of the ALJ, except where, as here, the commissioner adopts the ALJ's findings of fact." Cuesta v. Emp't Sec. Dep't, 200 Wn. App. 560, 569, 402 P.3d 898 (2017) (citing Verizon Nw., Inc. v. Emp't Sec. Dep't, 164 Wn.2d 909, 915, 194 P.3d 255 (2008)). "The burden of demonstrating the invalidity of agency action is on the party asserting invalidity." RCW 34.05.570(1)(a). We will not overturn an agency's legal determination unless the agency engaged in an unlawful procedure or decision-making process, failed to follow a prescribed procedure, or erroneously interpreted or applied the law. RCW 34.05.570(3).

The meaning of a statute is a question of law that we review de novo. Durant v. State Farm Mut. Auto. Ins. Co., 191 Wn.2d 1, 8, 419 P.3d 400 (2018). Our "fundamental objective in determining what a statute means is to ascertain and carry out the legislature's intent." Durant, 191 Wn.2d at 8. "If the plain language is subject to only one interpretation, our inquiry ends because plain language does not require construction." HomeStreet, Inc. v. Dep't of Revenue, 166 Wn.2d 444, 451, 210 P.3d 297 (2009) (citing State v. Armendariz, 160 Wn.2d 106, 110, 156 P.3d 201 (2007); State v. Thornton, 119 Wn.2d 578, 580, 835 P.2d 216 (1992)). "Where statutory language is plain and unambiguous, courts will not construe the statute but will glean the legislative intent from the words of the statute itself, regardless of contrary interpretation by an administrative agency." HomeStreet, 166 Wn.2d at 451-52 (citing Agrilink Foods, Inc. v. Dep't of Revenue, 153 Wn.2d 392, 396, 103 P.3d 1226 (2005)). "We may use a

dictionary to discern the plain meaning of an undefined statutory term." Nissen v. Pierce County, 183 Wn.2d 863, 881, 357 P.3d 45 (2015).

A

Fairweather asserts that ESD did not have the authority to assess unemployment taxes at the delinquent rate for the year 2018.[1] Fairweather characterizes this assessment as "retroactive" and contends that the use of the present tense verb "revert" in former RCW 50.29.025(2)(c)(ii)(A)(IV) does not allow for retroactive application.[2] Fairweather is incorrect.

Former RCW 50.29.025(2) read as follows:

(c) For employers who do not meet the definition of "qualified employer" by reason of failure to pay contributions when due:
. . . .
(ii) For rate years 2011 and hereafter:
. . . .
[(A)](IV) For an employer who enters an approved agency-deferred payment contract as described in (c)(ii)(A)(II) or (III) of this subsection, but who fails to make any one of the succeeding deferred payments or fails to submit any succeeding tax report and payment in a timely manner, the array calculation factor rate <u>shall immediately revert</u> to the applicable array calculation factor rate under (c)(ii)(A)(I) of this subsection.

(Emphasis added.) The plain language of the statute articulates that the tax rate "shall immediately revert" to the delinquent rate upon the employer's breach of the deferred

---

[1] Fairweather did not assign error to ESD's assessment of unemployment taxes at the delinquent rate for the year 2019.

[2] The legislature amended RCW 50.29.025 in 2021, which resulted in a significant renumbering of the statutory subsections. See LAWS OF 2021, ch. 2, § 1. The amendments did not substantively amend any of the subsections at issue in this case. We use the version in place in 2019 because they are the versions referenced in ESD's final order and Fairweather's brief. Former RCW 50.29.025(2)(c)(ii)(A)(I) is now codified at RCW 50.29.025(1)(c)(i)(A).

payment contract.[3]  Similarly, WAC 192-320-036(5)(e) states "If an employer with an approved deferred payment contract fails to make any one of the payments or fails to submit any tax report and payment in a timely manner, the employer's tax rate <u>will immediately revert</u> to the rate in (a) of this subsection."  (Emphasis added.)  "Immediately" means "without interval of time."  MERRIAM-WEBSTER ONLINE DICTIONARY, https://www.merriam-webster.com/dictionary/immediately (last visited July 9, 2024).

The plain language of both the statute and the administrative rule do not contemplate any affirmative action by ESD as a prerequisite to the reversion of the tax rate to the delinquent rate.  Rather, the reversion occurs "immediately" upon breach.  Thus, Fairweather's tax rate reverted to the delinquent rate immediately upon its breach of the deferred payment contract, not when ESD notified it of the reversion.

Fairweather had breached the deferred payment contract by January 2018.  As ESD points out, RCW 50.29.080 expressly states that "[t]he commissioner may redetermine any contribution rate if, within three years of the rate computation date he or she finds that the rate as originally computed was erroneous."  Here, ESD's original assessment of Fairweather's tax rate for 2018 was erroneous, as the delinquent rate went into effect immediately upon Fairweather's breach of the deferred payment contract.  Accordingly, ESD's assessment of Fairweather's unemployment tax rate for 2018 at the delinquent rate was not contrary to law.

---

[3] The parties disagree about whether former RCW 50.29.025(2)(c)(ii)(A)(IV) (2011) should be construed broadly or narrowly.  We need not address this argument because the statute is plain on its face and not subject to construction.

B

Fairweather also briefly asserts that ESD's assessment of unemployment taxes at the delinquent rate is contrary to the plain language of the deferred payment contract. We disagree.

When the facts are undisputed, as here, the meaning of a contract is a question of law that we review de novo. Graoch Assocs. No. 5 Ltd. P'ship v. Titan Constr. Corp., 126 Wn. App. 856, 861, 109 P.3d 830 (2005) (quoting Litho Color, Inc. v. Pac. Emp'rs Ins. Co., 98 Wn. App. 286, 295, 991 P.2d 638 (1999)). The court's purpose in interpreting a contract is to determine the parties' intent. Graoch, 126 Wn. App. at 861 (citing U.S. Life Credit Life Ins. Co. v. Williams, 129 Wn.2d 565, 569, 919 P.2d 594 (1996)). As with statutes, we give undefined words their ordinary meaning and will not resort to rules of construction where the contract is clear and unambiguous. Xia v. ProBuilders Specialty Ins. Co., 188 Wn.2d 171, 181-82, 400 P.3d 1234 (2017).

The contract states:

> If both parties approve this contract, Employment Security will not change [sic] the employer a delinquent tax rate based on the debt in this contract if the employer meets its obligations under this contract. If the employer fails to meet the obligations described below, Employment Security will recalculate the employer's tax rate, which will result in a delinquent tax rate assignment.

The plain language is clear: ESD will not charge the employer the delinquent tax rate if it remains in compliance with its contractual obligations. Fairweather had breached the contract by January 2018. After its breach, Fairweather was thus not eligible for the reduced tax rate. Fairweather's argument would have us read in a clause that would force ESD to waive its right to recalculate the employer's tax rate if it does not do so

within a certain period of time.  We will not read terms into a contract that are not present.

We affirm.

_____  Mann, J.

WE CONCUR:

_____  _____
Coburn, J.                 Smith, C.J.