[No. 16412.   Department One.   September 26, 1921.]

## E. A. SWIFT, *Respondent*, v. H. W. STARRETT, *Appellant*.[1]

APPEAL (418)—REVIEW—FINDINGS.   While the supreme court will hesitate to disturb findings on the facts, it is its duty to do so if convinced that the trial court was wrong.

BROKERS (19) — COMPENSATION — NEGOTIATIONS DIRECT WITH PRINCIPAL.   A broker cannot recover commissions upon procuring a customer who is not willing to pay the price fixed, where a sale is made to such customer at a lower price after the expiration of the broker's employment, if the principal in good faith dealt with the purchaser in ignorance of the fact that he was the customer whom the broker had produced.

Appeal from a judgment of the superior court for King county, Griffiths, J., entered February 1, 1921, upon findings in favor of the plaintiff, in an action to recover a broker's commissions, tried to the court. Reversed.

*Grinstead & Laube,* for appellant.

*Tucker & Hyland (Ford Q. Elvidge,* of counsel), for respondent.

BRIDGES, J.—Suit by a broker to recover commissions on a sale.  The case was tried by the court without a jury, and defendant has appealed from the judgment against him.  While this court will always hesitate to disturb the findings of the trial court upon the facts, yet it is our duty so to do if we feel convinced that that court fell into error.  Such is the situation here.  A very careful reading and consideration of the testimony convinces us that the plaintiff should not have been permitted to recover.  Briefly speaking, the facts are as follows:  The appellant, on or before July 10, 1920, owned a certain boat named "On Time

[1]Reported in 200 Pac. 1108.

Again." He authorized the respondent to sell it for $25,000, and agreed to pay a commission of $1,000 in event of a sale. The time given the respondent within which to sell the boat was to expire at noon of July 30. Respondent interested one Williams, who looked over the boat, but thought the price too high. Appellant knew Williams was considering purchasing. Negotiations continued between the appellant and Williams on the one hand and the respondent on the other until the time of the expiration of the broker's contract. At no time did the respondent procure any person who was willing to take the boat on the terms fixed by the appellant. After the expiration of the time within which the respondent might find a purchaser, and during the afternoon of that same day, appellant sold the boat to one McCoy for $20,000. As a matter of fact, McCoy, in making the purchase, was acting as the agent of Williams, the former client of the respondent, but of this fact the appellant had no knowledge until after he had sold the boat.

The respondent vigorously contends, and apparently the trial court held with him in this regard, that the appellant, in bad faith, sold the boat to McCoy, knowing, or having reason to believe, that he represented Williams. The record will not bear out this conclusion. The respondent did not offer any direct testimony to the effect that the appellant knew he was selling to respondent's client, Williams. The respondent's testimony went no further in this regard than to show that the transfer of the boat from the appellant to McCoy, and from the latter to Williams were probably simultaneous, and that appellant was present when the transfer papers from McCoy to Williams were made and executed. In the absence of a satisfactory explanation of these facts, the court might have been justified in concluding that the appellant knew, or

should have known, that he was dealing with Williams. The appellant's testimony, however, completely overcomes any inference which the respondent's testimony made in this regard. The appellant expressly testified that, when he sold the boat to McCoy, he did not know, and had no reason to suspect, that the latter represented Williams. Both McCoy and another person, who was a go-between, establish the correctness of the appellant's testimony in this regard. In fact, the record plainly shows that Williams was undertaking to purchase the vessel by means of a scheme or arrangement whereby appellant would be unable to know that the purchase was being made for him, and that he successfully carried out his scheme. Briefly stated, then, we have the record showing that the respondent's effort to have Williams purchase the boat at the figures and within the time fixed by appellant had failed, and the latter sold the boat to a person who, so far as he knew, had no connection whatsoever with respondent's client, Williams. Under these facts, the respondent was not entitled to recover any commission.

The settled rule of law is as stated in 4 R. C. L. 305:

"To entitle a broker to the payment of his commissions it is essential that he prove not only the actual rendition of all the services called for by his contract of employment, but that he complete the performance thereof within the time stipulated or before the expiration of such additional period as may have been granted by the employer in extension of that originally agreed upon. . . . Moreover, unless a broker has been granted an exclusive agency or the exclusive right to sell, performance must be complete upon his part not only before the expiration of the period for which his employment was to run, but before a sale is effected through the medium of another agent or the independent efforts of his principal. . . . But where there is no fraud or bad faith on the part of the em-

ployer and the broker does not perform within the time limit, the employer after the expiration thereof may contract with a customer introduced by the broker within the period of performance, either upon the same terms or upon others more or less favorable than those the broker was authorized to offer, without incurring any liability to compensate the latter for his services."

Under the facts of this case, not only had the respondent failed within the stipulated time to procure a purchaser of the boat, but the appellant thereafter, without any bad faith, sold it, so far as he knew, to a person who had in no wise been connected with the respondent as a prospective purchaser.

Both parties to this appeal have cited many cases, but they become unimportant in the light of the facts as we feel compelled to find them. The judgment is reversed and the cause ordered dismissed.

PARKER, C. J., FULLERTON, and MACKINTOSH, JJ., concur.