[No. 34214. Department Two. April 24, 1958.]

WALT HINZ, *Respondent*, v. G. A. LIESER *et al.*, *Appellants*, R. A. NIENABER *et al.*, *Respondents*.[1]

*Ralph B. Potts*, for appellants.

*Roy F. Trolson*, for respondent Hinz.

PER CURIAM.—Defendants appeal from a money judgment based upon plaintiff's claim to a real-estate agent's commission.

The primary question is whether defendants, as vendors, made certain representations regarding the acreage of an irregular tract of land involved in the transaction. The vendees (additional defendants and respondents) refused to complete the purchase, because they claimed the tract was approximately fifteen acres less than the represented acreage. Upon conflicting evidence, the trial court resolved the issue against defendants.

Defendants challenged the sufficiency of the evidence at the conclusion of plaintiff's case. They waived this challenge when they proceeded to introduce evidence on their own behalf. *LeMaine v. Seals*, 47 Wn. (2d) 259, 287 P. (2d) 305 (1955), and cases cited.

[1] Reported in 324 P. (2d) 829.

Defendants assign error to findings of fact Nos. 5, 7, 8, 9, and 10. Rule on Appeal 43, 34A Wn. (2d) 47, as amended, effective January 2, 1953, provides in part:

"No error assigned to any finding or findings of fact made or refused will be considered unless so much of the finding or findings as is claimed to be erroneous *shall be set out verbatim in the brief.*"

▮ The challenged findings of fact are not set forth in defendants' brief. This failure to comply with the provisions of the rule makes the findings the established facts of the case. *McKennon v. Anderson*, 49 Wn. (2d) 55, 57, 298 P. (2d) 492 (1956); *In re Youngkin*, 48 Wn. (2d) 425, 428, 294 P. (2d) 423 (1956).

▮ It is urged, however, that finding of fact No. 5 (which is really the crucial finding of fact in the case) is sufficiently paraphrased in the assignment of error that the requirement of the rule is met. Assuming, without deciding, that this is sufficient to satisfy the requirement of Rule 43, we find there is competent evidence in the record to support the trial court's finding of fact No. 5. We will, therefore, not disturb this finding of fact nor the judgment based thereon. *Bremerton School Dist. 100-C v. Hibbard*, 51 Wn. (2d) 226, 317 P. (2d) 517 (1957); *Croton Chemical Corp. v. Birkenwald, Inc.*, 50 Wn. (2d) 684, 314 P. (2d) 622 (1957).

The judgment is affirmed.