[No. 52455–6. En Banc. January 8, 1987.]

WALTER IMPLEMENT, INC., *Petitioner,* v. DONALD FOCHT, ET AL, *Respondents.*

*Underwood, Campbell, Brock & Cerutti, P.S.,* by *Richard L. Sayre* and *Kenneth D. Carpenter,* for petitioner.

*John D. Knodell,* for respondents.

*Thomas T. Bassett* and *James D. Perkins* on behalf of Deutz Allis Credit Corp., amici curiae for petitioner.

GOODLOE, J.—In this case we review the language in an equipment case to determine whether the lessor gave sufficient notice pursuant to the contract to enable him to seek a deficiency judgment and whether a liquidated damages clause is enforceable. The Court of Appeals found the notice insufficient and the liquidated damages clause unenforceable. We reverse in part and affirm in part because we hold the notice sufficient and the liquidated damages clause unenforceable. Accordingly, we remand to the trial court for a determination of actual damages.

In April 1980, petitioner Walter Implement, Inc., leased five pieces of farm equipment (an Allis–Chalmers tractor, two cultipackers, a Case disc, and a plow) to respondents Donald and Jane Doe Focht (hereinafter Focht) for 5 years. The lease, written on a standard Allis–Chalmers Credit Corporation contract, called for five annual payments of $10,806.32 and had four optional remedies in event of lessee's default.

The optional remedies were: (1) to treat the equipment as full settlement, (2) to resell the equipment, (3) to re-lease the equipment, or (4) to demand immediate payments of all unpaid rentals. The resell and re–lease options have a liquidated damages provision.

In April 1981, Focht informed Walter Implement that he would not be able to make his second payment. When Focht was unable to find someone to assume his lease, he asked Walter Implement to retrieve its equipment, which it did. Walter Implement informed Focht that it would try to resell the equipment. Walter Implement gave no other notice or details of the sale to Focht. Walter Implement was successful in selling the tractor and one cultipacker. The plow and other cultipacker were not sold. The Case disc was never returned.

Fourteen months later, Walter Implement instituted the present action seeking a deficiency judgment and liquidated damages for the breach pursuant to the lease. The trial court granted both using the formula outlined in the resell remedy provision. The liquidated damages amounted to $8,645.06. The final judgment including prejudgment interest totaled $24,092.56.

Focht appealed to the Court of Appeals, Division Three, which reversed the trial court. *Walter Implement, Inc. v. Focht,* 42 Wn. App. 104, 709 P.2d 1215 (1985). The Court of Appeals acknowledged that Focht had raised many issues but deemed it necessary to address only a few. The ones pertinent to this appeal involve the liquidated damages clause, notice, and the deficiency judgment. The Court of Appeals held: the liquidated damages clause unenforce-

able; the notice insufficient based on the language of the contract; and a deficiency judgment barred because Uniform Commercial Code notice had not been given. *Walter Implement, Inc. v. Focht, supra.* Walter Implement petitioned for and was granted review.

The appeal focuses on the resell remedy provision, which states that in the event of default by lessee, lessor may terminate the lease and, at its option,

> by notice to Lessee, sell the equipment at public or private sale, in which event, Lessee shall be liable to Lessor for the difference between (a) the sum of all rentals called for by the Lease plus an amount equal to twenty (20) percent of the aggregate minimum rental charges for the unexpired portion of the term of this agreement, not as a penalty, but as and for liquidated damages, less (b) the sum of all rent paid and net proceeds of the sale.

Exhibit 1.

The first issue is whether notice required by the resell remedy provision was given enabling Walter Implement to seek a deficiency judgment.

The resell remedy provision which allows liquidated damages and a deficiency judgment begins by requiring "notice to Lessee" and outlines the remedy after the language "in which event". The trial court found the notice requirement met because Focht knew, by Walter Implement orally telling him, that Walter Implement would attempt to resell the equipment. It is undisputed that no written notice nor notice for the time, place, or manner of sale was given.

The Court of Appeals reversed. Initially, the Court of Appeals said it need only look to the language of the lease. *Walter Implement,* at 111. It found proper notice was a condition precedent to recovery of a deficiency and the "'by notice to Lessee'" language required notice of the particulars of the sale. *Walter Implement,* at 112–13.

■ We agree that proper notice was a condition precedent to recovery here but that proper notice was given. A condition precedent is an event occurring subsequent to the

making of a valid contract which must exist or occur before there is a right to immediate performance. *Ross v. Harding,* 64 Wn.2d 231, 236, 391 P.2d 526 (1964); *Koller v. Flerchinger,* 73 Wn.2d 857, 860, 441 P.2d 126 (1968); *Jones Assocs. v. Eastside Properties, Inc.,* 41 Wn. App. 462, 466, 704 P.2d 681 (1985).

> Whether a provision in a contract is a condition the non-fulfillment of which excuses performance depends upon the intent of the parties, to be ascertained from a fair and reasonable construction of the language used in the light of all the surrounding circumstances when they executed the contract.

5 S. Williston, *Contracts* § 663, at 127 (3d ed. 1961). *See Ross,* at 236; *Koller,* at 860; *Jones Assocs.,* at 466. The party seeking enforcement of the contract has the burden of proving performance of an express condition precedent. *Ross,* at 240.

While notice was a condition precedent to use of the resell remedy provision, it was met here by Walter Implement informing Focht that Walter Implement would attempt to resell the equipment. "If notice is necessary it must be given a reasonable time before the resale and contain a definite statement of the seller's election, but no other particular form of notice is necessary, since it is sufficient that the buyer is informed that the seller intends to protect himself in this manner." (Footnotes omitted.) 78 C.J.S. *Sales* § 428, at 42–43 (1952). No specifics were attached to the notice requirement. This contract's requirement of notice was satisfied by Walter Implement's informing Focht that it was going to resell the equipment, thus informing Focht of its election of remedy. Sufficient notice was given, and the Court of Appeals contrary conclusion is reversed.

We note that the Court of Appeals, although it said it need only look to the language of the lease, did *not* limit its notice analysis to the language of the lease. The Court of Appeals determined that under a strict Uniform Commercial Code, Article 9 analysis the notice was improper and

therefore Walter Implement was barred from obtaining a deficiency. *Walter Implement,* at 114. The Court of Appeals never addressed whether Article 9 applied. The trial court had found the contract was a true lease and not a disguised sale. Because we and the Court of Appeals made decisions based on the contract language which did not require Article 9 notice to be given, all of the Court of Appeals discussion of Article 9 notice is dicta, *Walter Implement,* at 113–14, and we express no opinion about it.

Having determined that sufficient notice was given, the second issue we must decide is whether the liquidated damages clause in the resell remedy provision is enforceable. The clause provides for "an amount equal to twenty (20) percent of the aggregate minimum rental charges for the unexpired portion of the term of this agreement, not as a penalty, but as and for liquidated damages". Exhibit 1. The trial court enforced this clause. The court calculated that Focht, having made only one of the five annual payments, had an unexpired portion of $43,225.28 (four payments at $10,806.32) which was multiplied by 20 percent to get the liquidated damages figure of $8,645.06. The Court of Appeals reversed. It held the clause was unenforceable because it was not a product of the parties' negotiations, was inherently unfair, and bore no relation to the anticipated actual damages.

True liquidated damages clauses, those that are not penalties, are favored and will be upheld. *Ashley v. Lance,* 80 Wn.2d 274, 280, 493 P.2d 1242, 62 A.L.R.3d 962 (1972); *Jenson v. Richens,* 74 Wn.2d 41, 47, 442 P.2d 636 (1968); *Management, Inc. v. Schassberger,* 39 Wn.2d 321, 326, 235 P.2d 293 (1951). This court follows the United States Supreme Court view that liquidated damages agreements fairly and understandingly entered into by experienced, equal parties with a view to just compensation for the anticipated loss should be enforced. *Wise v. United States,* 249 U.S. 361, 63 L. Ed. 647, 39 S. Ct. 303 (1919); *Northwest Collectors, Inc. v. Enders,* 74 Wn.2d 585, 594, 446 P.2d 200 (1968); *Underwood v. Sterner,* 63 Wn.2d 360, 366, 387 P.2d

366 (1963); *Schassberger,* at 327. The fact that the con- tracting parties designate a sum as liquidated damages is a circumstance given serious consideration, but it is not necessarily controlling or conclusive. *Underwood,* at 366; *Schassberger,* at 326. The designation in this contract that the additional amount is not a penalty but is liquidated damages, therefore, does not decide the issue. Courts will look to the intention of the parties to make an accurate assessment of the clause's purpose. *Underwood,* at 366; *Schassberger,* at 326–27. "A provision in a contract which bears no reasonable relation to actual damages will be con- strued as a penalty." *Enders,* at 594.

■ This court has adopted and applied a 2–part test to determine whether a liquidated damages clause is enforce- able. First, the amount fixed must be a reasonable forecast of just compensation for the harm that is caused by the breach. Second, the harm must be such that it is incapable or very difficult of ascertainment. *Schassberger,* at 327–28; *Knight, Vale & Gregory v. McDaniel,* 37 Wn. App. 366, 371, 680 P.2d 448 (1984); *Northwest Acceptance Corp. v. Hesco Constr., Inc.,* 26 Wn. App. 823, 828, 614 P.2d 1302 (1980). Reasonableness of the forecast will be judged as of the time the contract was entered. *Northwest Acceptance,* at 829. Determination of whether the test is met depends upon the facts and circumstances of each case. *Schassber- ger,* at 329; *Northwest Acceptance,* at 829; *Pettet v. Won- ders,* 23 Wn. App. 795, 801, 599 P.2d 1297 (1979).

Although frequently enunciated, the test has been applied infrequently. Most of the cases addressing liqui- dated damages clauses have involved contracts not to com- pete in business. With contracts not to compete in business it has been conceded and held that the harm caused by the breach is very difficult to ascertain. The court then has focused on whether the forecasted damage amount is rea- sonable. *See, e.g., Management, Inc. v. Schassberger, supra.* Other cases have summarily upheld the liquidated damages clause, finding no evidence that the clause is an unreasonable forecast. *See, e.g., Underwood v. Sterner,*

*supra.*

One case, *Northwest Acceptance,* addressed a liquidated damages clause in a lease of equipment agreement. The clause involved a very detailed formula which made the lessee liable for arrearages and future rental payments (discounted to the present value) subject to a credit for depreciated value (determined by the "'sum of the digits'" method) of the equipment at the time of the default. *Northwest Acceptance,* at 828. The *Northwest Acceptance* court did not discuss what in general would be required to satisfy the liquidated damages test, but specifically found two features of the involved clause made it fair. Those features were reduction of future rentals to present value and credit for depreciation savings due to the early return of the equipment. *Northwest Acceptance,* at 830. Contrary to the Court of Appeals inference in this case, such features are not necessarily required to have a reasonable forecast of damages. *Walter Implement, Inc. v. Focht,* 42 Wn. App. 104, 110, 709 P.2d 1215 (1985). We note, however, that neither feature is present in this case.

Given the dearth of cases applying the test, we take this opportunity to expound on it in relation to the facts of this case. First, we look at the amount fixed to see if it is a reasonable forecast of just compensation for the harm caused by the breach. The involved liquidated damages clause which does not require a fixed amount but instead requires 20 percent of the outstanding rental payments does not appear to have any relation, reasonable or not, to an estimation of damages. A fixed amount of 20 percent of the full lease figure may be a reasonable forecast. In fact, the parties orally agreed that if Focht wished to buy the equipment at the end of the lease term, the cost would be 20 percent of the entire lease figure. This liquidated damages clause by containing a variable makes the amount of liquidated damages depend upon when the default occurs. Even this could be acceptable if, as in *Northwest Acceptance,* the variable was reasonably related to the damages. Here, the liquidated damages could vary from $2,161.26 (default in

the fourth year) to $8,645.06 (default in the first year). No reasoning has been offered explaining how the variation reflects a reasonable forecast of the harm that is caused by the breach. For example, using this formula, the earlier the default the greater the penalty although the equipment is returned sooner resulting in less depreciation of the equipment.

Besides the formula not appearing to have any relation to the anticipated actual damages, such damages are not difficult to ascertain. *American Fin. Leasing & Servs. Co. v. Miller*, 41 Ohio App. 2d 69, 322 N.E.2d 149 (1974), which uses the same 2–part test to evaluate liquidated damages clauses, involved a similar equipment lease provision. The *Miller* lease contained several optional remedies, one of which included a recovery of 10 percent of the actual cost to lessor of equipment sold in the event of a default. The court held that actual damages could be easily ascertained. *Miller*, at 74. Because of recoupment of the actual damages, the court determined the 10 percent figure

neither bears a reasonable relationship to such damage, nor is in a reasonable proportion thereto.

Such amount is patently in excess of the actual damage which could be suffered by the lessor, and therefore must be considered as a "penalty" rather than a stipulated "liquidated damage."

*Miller*, at 75. Using the same reasoning, the liquidated damages clause in this case fails.

Walter Implement argues that attorney fees, repossession and sale costs are the amounts difficult to ascertain and that the liquidated damages clause covers this. At trial, repossession and sale costs were easily proved and recouped. Resale credit was given only for the net amount. Attorney fees may only be recovered when provided for by a contract, a statute, or a recognized ground of equity. *Mellor v. Chamberlin*, 100 Wn.2d 643, 649, 673 P.2d 610 (1983); *Dauphin v. Smith*, 42 Wn. App. 491, 494, 713 P.2d 116 (1986). The proffered damages cannot justify the liquidated damages clause.

■ The consequence of the preceding analysis is that Walter Implement is entitled to a deficiency judgment. The deficiency judgment is based on actual damages. *See Schassberger,* at 331. When a sale contract is breached, the seller has a right only to the contract price. If the seller recovers the goods, he or she must credit any net proceeds of sale or the value of any unsold goods against the unpaid price. But in a true lease situation, the lessor has a right not only to the contract price but also to the return of the leased goods. The lessor is thus entitled at breach to the value the goods would have had at the expiration of the lease term in addition to the unpaid portion of the contract price. *See Northwest Acceptance Corp. v. Hesco Constr., Inc.,* 26 Wn. App. 823, 828–30 & n.9, 614 P.2d 1302 (1980).

Evidence presented at trial suggested that the equipment was expected to be worth about 20 percent of the total lease price at the end of the lease, or about $10,000. If that forecast was reasonable, then Walter Implement's damages are the unpaid rents ($43,225.28) plus about $10,000, both reduced to present value, minus the value of the recovered equipment (about $35,000). We affirm the Court of Appeals and find the liquidated damages clause is a penalty and unenforceable. We remand to the trial court to determine how much the equipment reasonably could have been expected to be worth at the end of the lease term. That value should be included in the Fochts' debt and the deficiency adjusted accordingly.

DOLLIVER, C.J., and UTTER, BRACHTENBACH, DORE, PEARSON, ANDERSEN, CALLOW, and DURHAM, JJ., concur.