IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| LSF STRUCTURES LTD, a foreign, corporation; LIGHTWEIGHT STEEL FRAMING 2007 LTD, a Washington corporation, | ) ) ) ) | No. 73427-0-I<br><br>DIVISION ONE |
| Appellants, | ) ) ) ) | |
| v. | ) ) | |
| BRIX CONDOMINIUM, LLC, a Washington limited liability company; W.G. CLARK CM, INC., a Washington corporation; | ) ) ) ) ) | UNPUBLISHED OPINION<br><br>FILED: November 7, 2016 |
| Respondents, | ) ) | |
| SAFECO INSURANCE COMPANY OF AMERICA AS SURETY FOR CONTRACTOR'S REGISTRATION BOND NO. 6079369, a Washington corporation, | ) ) ) ) ) ) | |
| Defendant. | ) ) | |

BECKER, J. — Respondents Brix Condominium LLC and W.G. Clark CM Inc. were entitled to summary judgment because Appellants LSF Structures LTD and Lightweight Steel Framing 2007 Ltd. failed to satisfy the contractual condition precedent to bringing the lawsuit and failed to show that its lawsuit should be interpreted as a complaint to compel arbitration. We affirm.

## FACTS

This is the second time these parties have been before this court on the same facts and mostly the same legal issues. Brix Condominium LLC (Brix) was the developer of the Brix Condominiums project. W.G. Clark CM Inc. (WGC) was the general contractor for the Brix Condominiums project and a member of Brix. In 2007, subcontractor Lightweight Steel Framing 2007 Ltd. and LSF Structures Ltd. (together LSF)[1] and WGC executed a subcontract for work on the Brix Condominiums project. Section U2 and U3 of the subcontract required the parties to submit their disputes to nonbinding mediation followed by binding arbitration. Section U3 also provided:

> Subcontractor agrees not to file any claim in mediation, arbitration, or litigation, until thirty (30) days after having submitted *its full claim in writing* to Mike Ducey, president of [WGC], along with *detailed cost documentation and all points of argument in Subcontractor's favor.* Subcontractor acknowledges its responsibility to cooperate with [WGC] in avoiding unnecessary arbitration or litigation by providing [it] with *all information available upon which a decision can be made.*

(Emphasis added.) Effective July 1, 2008, WGC assigned its interest in the subcontract to Brix and notified LSF that all references in the subcontract to WGC would be deemed to mean Brix. The notice informed LSF that Brix had retained H.A. Andersen Company (Andersen) as the new representative and all "applications, lien releases and notices should be delivered" to Brix with a copy to Andersen.

---

[1] The subcontract states that it is with LSF Structures Ltd., but it is signed by Lightweight Steel Framing 2007 Ltd.

Later in July 2008, Brix terminated LSF. A dispute arose over unpaid invoices. By letter dated February 4, 2009, Brix invoked the arbitration and mediation provisions of the subcontract and made a formal demand for arbitration.[2] The parties subsequently agreed on a mediator and arbitrator but did not reach agreement on dates for holding the mediation and arbitration.

In August 2009, LSF filed a complaint in superior court for, among other claims, breach of contract, quantum meruit, and recovery of its contractor registration bond. LSF does not mention the 2009 complaint in its brief. While the 2009 complaint was pending, the parties continued to discuss arbitration. However, LSF failed to produce the files or documentation requested by Brix despite a series of e-mail exchanges between February 2010 and August 2010.

In August 2010, Brix moved for summary judgment. Brix argued that LSF had failed to satisfy the condition precedent set forth in section U3 prior to filing the complaint. In response, LSF argued that there were issues of fact regarding its compliance with section U3. In support of its response, LSF attached the declaration of Al Malcolm, president of LSF, stating that he had been submitting monthly billing statements and had met with Brix personnel regarding the amounts due. Malcolm attached a one-page exhibit that was a summary of the amounts LSF claimed were owed.

_____

[2] Some of this background factual information is gleaned from this court's 2012 opinion, which was entered into the record as an attachment to Brix's motion for summary judgement.

On September 10, 2010, the superior court granted summary judgment, dismissing the 2009 complaint without prejudice and finding that LSF had failed to satisfy the condition precedent to filing the lawsuit. LSF appealed. On April 30, 2012, this court dismissed the appeal, holding that a dismissal without prejudice is not appealable and concluding that discretionary review was not warranted.

On July 28, 2014, LSF[3] filed the present lawsuit in superior court for breach of contract, promissory estoppel/unjust enrichment, quantum meruit, and recovery of its contractor registration bond. It was based upon the same underlying facts as the 2009 complaint. The complaint requested a stay pending resolution of the claims by mediation/arbitration, pursuant to the subcontract.

On February 20, 2015, Brix again moved for summary judgment based on LSF's failure to satisfy the condition precedent prior to filing the lawsuit. In response, LSF again claimed that there were issues of material fact as to whether it complied with the condition precedent. LSF presented the same August 30, 2010, declaration of Al Malcolm that had been presented in the prior lawsuit. Attached to Malcom's declaration was the same one-page summary listing the amounts allegedly due from Brix pursuant to the subcontract.

---

[3] Lightweight Steel Framing 2007 Ltd. was the plaintiff in the 2009 complaint. In 2014, LSF Structures Ltd. was added as a second plaintiff, but LSF has not argued that there is anything significant about adding a second named plaintiff.

In reply, Brix noted that LSF was presenting the same arguments and declaration that were previously unsuccessful but expecting a different result. Brix asked the court to dismiss this case with prejudice because the complaint was filed on the day the statute of limitations was set to expire, precluding LSF from filing another complaint. The superior court granted summary judgment and dismissed the complaint with prejudice. LSF appeals.

## ANALYSIS

"We review summary judgment orders de novo . . ., viewing all facts and reasonable inferences in the light most favorable to the nonmoving party. . . . [S]ummary judgment is appropriate where there is 'no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law.'" Elcon Const., Inc. v. E. Wash. Univ., 174 Wn.2d 157, 164-65, 273 P.3d 965 (2012) (some alteration in original) (citations omitted) (quoting CR 56(c)). Although the evidence is viewed in the light most favorable to the nonmoving party, if that party is the plaintiff and it fails to make a factual showing sufficient to establish an element essential to its case, summary judgment is warranted. Young v. Key Pharms., Inc., 112 Wn.2d 216, 225, 770 P.2d 182 (1989). "Conclusory statements and speculation will not preclude a grant of summary judgment." Elcon Const., Inc., 174 Wn.2d at 169.

### The complaint does not ask the trial court to compel arbitration

LSF contends that it filed this lawsuit "for the purpose of compelling arbitration," and the trial court erred because the arbitrator should decide "'whether a condition precedent to aribitrability has been fulfilled.'"

LSF filed a complaint alleging breach of contract and seeking over one million dollars "in an amount to be proven at trial (or arbitration)." It is not a complaint to compel arbitration, it contains no allegations that Brix refused to arbitrate, and it does not ask the trial court to compel arbitration. Accordingly, the trial court rightfully considered whether LSF satisfied that condition precedent to *filing a lawsuit.* Although LSF contends that it filed the lawsuit so that it would have "a mechanism to compel [Brix] to arbitrate" the issue of enforcing the arbitration provision was never before the trial court.

### LSF failed to comply with section U3 of the subcontract

LSF filed the lawsuit. As the party seeking enforcement of the contract, LSF had "the burden of proving performance of an express condition precedent." Walter Implement, Inc. v. Focht, 107 Wn.2d 553, 557, 730 P.2d 1340 (1987); Ross v. Harding, 64 Wn.2d 231, 240, 391 P.2d 526 (1964). LSF did not raise a genuine issue of material fact with respect to performance.

Brix submitted declarations from Mike Ducey, president of WGC, Matt Adamson, counsel for Brix, and Barbara Cowan, controller of a Brix affiliate charged with overseeing disputes involving Brix. With these declarations, Brix, as the moving party, met its initial burden by showing there was an absence of

evidence supporting LSF's case. See Young, 112 Wn.2d at 224 n.1. At that point, the burden shifted to LSF to show an issue of material fact as to whether it satisfied the condition precedent. Elcon Const., Inc., 174 Wn.2d at 169.

In its response opposing summary judgment, LSF again relied on the declaration of Malcolm and the one-page summary attached thereto. The summary does not satisfy section U3 of the subcontract because it is not a "full claim in writing" nor a "detailed cost documentation," much less "all points of argument in Subcontractor's favor," or "all information available upon which a decision can be made."

Malcolm's declaration states that (1) throughout its work on the project, LSF sent monthly invoices to WGC requesting progress payments; (2) from July through September 2008, he attended meetings with personnel from Brix and Andersen to discuss the project and LSF's outstanding invoices; (3) he exchanged numerous phone calls, e-mails, and written correspondence with management personnel from Brix and Andersen regarding outstanding invoices; and (4) he provided Brix and Andersen's management personnel with "other written cost documentation detailing the amounts of LSF's claim."

These statements are not the detailed breakdown required by section U3 of the subcontract. They are too conclusory to withstand summary judgment. See Elcon Const., Inc., 174 Wn.2d at 169; Little v. Countrywood Homes, Inc., 132 Wn. App. 777, 780, 133 P.3d 944, review denied, 158 Wn.2d 1017 (2006). LSF should have presented, or at least described in greater detail, the

documents it claims to have provided to Brix. See CR 56(e). Absent such documents or details, LSF failed to carry its burden. Sch. Dist. No. 1J, Multnomah County v. ACandS, Inc., 5 F.3d 1255, 1262 (9th Cir. 1993) (When documentary evidence is cited as a source of a factual contention, the affidavit should attach the documents.), cert. denied, 512 U.S. 1236 (1994).

LSF relies on Staples v. Allstate Ins. Co., 176 Wn.2d 404, 295 P.3d 201 (2013), to contend that "substantial compliance" with the condition precedent is sufficient to withstand summary judgment. This reliance is misplaced. Substantial compliance was sufficient in Staples due to the quasi-fiduciary nature of the insurer/insured relationship. Staples, 176 Wn.2d at 414. Brix did not owe a fiduciary duty to LSF.

Waiver

LSF also argues that Brix waived the condition precedent by filing a demand for arbitration and agreeing to arbitrate. LSF is incorrect for two reasons. First, section U3 applies to "any claim in" mediation, arbitration, or litigation. Thus, Brix's demand for arbitration did not waive the condition precedent as to any claim or counterclaim LSF might assert. And even if a demand for arbitration could waive the condition for purposes of arbitration, LSF filed a lawsuit; the condition would still apply to claims brought in litigation.

Dismissal was warranted for failure to comply with the condition precedent

In general, when a party fails to satisfy a condition precedent prior to filing a lawsuit, dismissal is appropriate. See Ross, 64 Wn.2d at 241 ("breach by a

- 8 -

plaintiff of a material condition precedent relieves a defendant of liability under a contract"). LSF claims that failure to comply with a condition precedent warrants dismissal only if the contract explicitly states that dismissal is the remedy for non-compliance, citing Shepler Construction v. Leonard, 175 Wn. App. 239, 246, 306 P.3d 988 (2013).

Shepler Construction is not on point because there the parties waived arbitration. The court did not address the consequence of a failure to satisfy a condition precedent to either arbitration or litigation.

Finally, we reject LSF's contention that dismissal was improper absent a showing of prejudice. The cases cited by LSF concern the unique relationship between an insurer and an insured. See, e.g., Staples, 176 Wn.2d at 418; Pub. Util. Dist. No. 1 of Klickitat County v. Int'l Ins. Co., 124 Wn.2d 789, 803-04, 881 P.2d 1020 (1994); see generally Mendoza v. Rivera-Chavez, 140 Wn.2d 659, 662-65, 999 P.2d 29 (2000). The public policy governing conditions precedent in insurance contracts is not applicable in this case.

We conclude that the trial court properly granted Brix's motion for summary judgment and dismissal with prejudice.

Affirmed.

Becker, J.

WE CONCUR: